MAURICE MINUTO AND OLANDA MINUTO, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 190-76.    Filed June 28, 1976.

Leo Bradspies, for the petitioners.[1]
*Ronald E. Friedman,* for the respondent.

OPINION

Scott, *Judge:* Pursuant to notice previously given, this case came on for hearing in New York, N.Y., on May 17 and 21, 1976, on respondent's motion to dismiss for lack of jurisdiction.

The record in this case shows that on September 30, 1975, respondent mailed to petitioners a notice of deficiency. On January 5, 1976, this Court received a petition in an envelope bearing an illegible postmark which was addressed: Clerk of the Court, United States Tax Court, 400 Second Street, N.W., Box 70, Washington, D.C. 20044. The 90-day period within which the petition might be filed, as prescribed in section 6213(a), I.R.C. 1954,[2] expired on December 29, 1975.

A secretary employed in the office of a C.P.A. typed the petition in this case for petitioners on December 29, 1975. Another employee in the office typed a covering letter on stationery of a lawyer. The secretary was told by the accountant for whom she worked that the petition should be placed in an envelope and mailed by certified mail to the United States Tax Court on that day, December 29, 1975. It was impressed upon the secretary that it was essential that the envelope containing the petition be mailed on December 29. After the petition was prepared, the secretary placed it in the envelope in which it arrived at the Tax Court addressed as heretofore set forth. She placed twelve 10-cent stamps on the envelope and stamped on the envelope "Certified Mail Return Receipt Requested." However, no form for a return receipt was attached to the envelope.

After placing the petition with the letter, which was undated and which was addressed to the "Clerk of the Court, United States Tax Court, 400 Second Street, N.W., Box 70, Washington, D.C. 20044" in the envelope and affixing the stamps thereon, the secretary took the envelope containing the petition and other

---

[1] An attorney admitted to appear by special leave for this motion hearing only.
[2] All statutory references are to the Internal Revenue Code of 1954, as amended.

mail that had been prepared that day in the C.P.A.'s office to the Smithtown, N.Y., Post Office at 303 East Main Street. She deposited the envelope containing the petition in the mail slot inside the post office between 5:05 and 5:15 p.m. on December 29, 1975.

All mail which was deposited in the Smithtown Post Office on December 29, 1975, prior to 7 p.m. was postmarked, placed in bags, and dispatched on December 29. One dispatch was made at 8:10 p.m. The last dispatch, which included all mail which had been deposited in the Smithtown Post Office slot prior to 7 p.m. on December 29 that had not been sent out at 8:10 p.m. was sent out in a 10:10 p.m. dispatch. The records of the post office show that no mail which was deposited prior to the clearing of the box underneath the slot at a little after 7 o'clock was held over in the Smithtown Post Office on December 29, 1975. Under normal operating procedures of the Smithtown Post Office, all mail dispatched from the post office at 8:10 p.m. on December 29, 1975, and 10:10 p.m. on that date would have a postmark placed thereon bearing the date December 29, 1975. On the basis of these facts, we conclude that the date of the illegible postmark on the envelope in which the petition in this case was received is December 29, 1975.

Section 6213(a) provides that where a notice of deficiency authorized by section 6212 is addressed to a person residing within the United States, he may within 90 days of the mailing of that notice file a petition with this Court for a redetermination of the deficiency. It is this section of the Code that confers upon this Court its jurisdiction. *Estate of Frank Everest Moffat,* 46 T.C. 499 (1966). The date of actual receipt by this Court of the petition in this case was January 5, 1976, which was 97 days after the mailing of the notice of deficiency. Therefore, if the date of receipt of the petition is to be deemed the date of its filing, we lack jurisdiction over this case.

Ordinarily, a document is filed with this Court on the day it is received. However, there is a statutory exception to this rule. Section 7502(a)(1) provides that if a document required under the revenue laws to be filed within a prescribed period is after such period delivered by United States mail to the office with which it is required to be filed, the date of the United States postmark stamped on the cover in which such document is mailed shall be deemed to be the date of delivery of the

document. Section 301.7502-1(c)(iii)(*a*), Proced. & Admin. Regs., provides in part that if the postmark on the envelope or wrapper is not legible, the person who is required to file the document has the burden of proving the time when the postmark was made. This Court has also recognized in a number of cases that where a postmark on the envelope in which a petition is received by the Clerk of this Court is illegible, the burden is on the taxpayer to prove what the illegible date on the postmark actually is. *Alexander Molosh,* 45 T.C. 320 (1965). In this case petitioner has proved that the illegible postmark date was December 29, 1975. Therefore, the petition is deemed to have been delivered to this Court on December 29, 1975, and thus to be timely if the other requirements of section 7502(a) are met.

Section 7502(a)(2)(B) provides that subsection 7502(a)(1) shall apply only if the document was within the period provided for its filing deposited in the United States mail in an envelope or other appropriate wrapper, postage prepaid, "properly addressed" to the office with which it is required to be filed. Respondent takes the position that the envelope in which the petition in this case was received was not properly addressed. Respondent argues that this Court has been strict in its interpretation of the term "properly addressed," and that in order for the petition in this case to have been properly addressed, it should not have shown in the address "Box 70" or the Zip Code "20044" instead of the proper Zip Code for the address of the Court at 400 Second Street, N.W., which is 20217. In support of his position, respondent relies on *C. Frederick Brave, Inc.,* 65 T.C. 1001 (1976), in which we held an envelope addressed to the Clerk, United States District Court, Washington, D.C., not to be properly addressed to the Clerk of the United States Tax Court, and *Abbott Hoffman,* 63 T.C. 638 (1975), in which we held an envelope addressed to the United States Tax Court, 26 Federal Plaza, New York, N.Y., not to be properly addressed to the Clerk of the Tax Court at Washington, D.C. In addition, respondent cites such cases as *Earl H. C. Lurkins,* 49 T.C. 452 (1968), which held an envelope addressed "U.S. Board of Tax Appeals, Washington, D.C. 20044" not to be properly addressed, and *Baker L. Axe,* 58 T.C. 256 (1972), in which we held an envelope addressed "Internal Revenue Service, Attention: Tax Court of United States, 200 No. Los Angeles, Calif." not to be properly addressed.

None of the cases relied on by respondent involves facts comparable to the facts involved in the instant case. In the *Lurkins* case, *supra,* we pointed out that Rule 1(b), Tax Court Rules of Practice, as then in effect, clearly provided that all mail should be sent to the Court, addressed to it at "Box 70, Washington, D.C. 20044," as well as the fact that the deficiency notice to which the petition was addressed clearly stated that in order to contest the determination made in the notice a petition must be filed with "The Tax Court of the United States." In footnotes in that case, we pointed out that the taxpayer to whom the notice was addressed was an attorney who was sufficiently familiar with the procedures of this Court to know the postal zone number of the Court and that the name of this Court had been the "Tax Court of the United States" for 25 years at the time the petition was mailed. The printing of our Rules of January 25, 1971, which were amended as of that date, provided in Rule 1(b):

> *Mailing address.*—All mail sent to the Court should be addressed to:
> United States Tax Court
> Box 70
> Washington, D.C. 20044
> Other addresses where the Court may be in session should never be used in addressing mail to the Court or to its Clerk.

This Rule was the same as that contained in Rule 1(b) in effect as of 1968 when the opinion in the *Lurkins* case, *supra,* was filed except that effect was given to the change of the name of the Court in 1969 from Tax Court of the United States to United States Tax Court. The address of the United States Tax Court at Box 70, Washington, D.C. 20044, had been shown for many years prior to 1968 in the Rules of this Court. As of January 1, 1974, a substantial revision was made in the Rules of Practice and Procedure before this Court. Rule 22 of the new Rules with respect to filing of pleadings with the Tax Court provides: "Any pleadings or other papers to be filed with the Court must be filed with the Clerk in Washington, D.C., during business hours."[3] This same provision is contained in Rule 22 in the September 2, 1975, printing of the new Rules. The only address given in the new Rules for the Clerk of the Court, with whom papers are to be filed, is Washington, D.C.

---

[3] The only places in the new Rules where an address for the Court is shown are in Rule 81(h)(3) with respect to Return of Deposition and Rule 200(b) with respect to obtaining forms for application for admission to practice before the Court. In the Jan. 1, 1974,

Respondent points out that in the notice of deficiency the petitioner was informed that the deficiencies as determined would be assessed unless within 90 days the taxpayer filed a petition for redetermination with the "United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20217." Respondent argues that this was sufficient notice to petitioner of the complete address of the United States Tax Court to warrant the conclusion that the envelope in which the petition in this case was mailed was not properly addressed.

The information given in the deficiency notice must be considered in conjunction with the fact that our Rule 1(b) entitled "Mailing address" for many years prior to January 1, 1974, stated the mailing address of the Court merely as "Box 70, Washington, D.C. 20044." Rule 1(a) which immediately preceded Rule 1(b) contained a statement of where the "office of the United States Tax Court" was located, giving the room number of the Clerk. In light of the fact that the Rules in effect when the petition in this case was mailed stated no mailing address for the Court and at that time the Court's offices had been located at its new address of 400 Second Street, N.W., Washington, D.C., for a little less than 1 year, we conclude that a reasonable interpretation of the words "properly addressed" in section 7502(a)(2)(B) is that the envelope in which the petition in this case was enclosed was properly addressed. We are not here confronted with the facts which lead to our conclusion in the *Lurkins* case. There our current Rules specifically provided that petitions be filed with the "Clerk of the Tax Court of the United States" and set forth the mailing address of the Clerk of the Tax Court with whom petitions and other pleadings should be filed. This provision had been in our Rules for almost 25 years at the time the petition in the *Lurkins* case was mailed. The Rule in effect when the petition in the present case was mailed gave no mailing address for the Clerk of the Tax Court with whom

"Application forms and other necessary information will be furnished upon request addressed to the Admissions Clerk, United States Tax Court, Box 70, Washington, D.C. 20044."

In the Sept. 2, 1975, printing, Rule 200(b) contains the statement that requests for application forms should be addressed to the "Admissions Clerk, United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20217." In this printing, the address of the Court given in Rule 81(h)(3) is 400 Second Street, N.W., Washington, D.C. 20217. In the printing of Jan 1, 1974, the address of the Court in Rule 81(h)(3) is shown as Box 70, Washington, D.C. 20044. The location of the offices of the United States Tax Court was changed to 400 Second Street, N.W., on Jan. 20, 1975.

pleadings should be filed other than "Washington, D.C." The petition in this case was addressed to the Clerk of the United States Tax Court, Washington, D.C., plus some other parts to the address. The other cases relied on by respondent involve factual situations clearly distinguishable from the facts herein.

Respondent's reliance on the case of *Kiker v. Commissioner,* 218 F.2d 389 (4th Cir. 1955), is misplaced. While in that case the Court did point out that the "postal zone" used in the address on the envelope in which the petition was mailed was incorrect, the opinion as a whole is clear that the case involved a year prior to the addition to the Code of the provisions now contained in section 7502 and that the reference to the incorrect postal zone was made merely to distinguish the facts involved there from the facts of certain cases which had concluded that the date a petition was stamped received by this Court was not controlling because of the presumption of prompt delivery of properly addressed mail. In fact, in expressing its conclusion, the court in that case stated at page 392:

> Delivery to the Tax Court on the ninety-first day was too late under the statute then in force. Sec. 272(a), I.R.C., 26 U.S.C.A., as amended by Sec. 203 of the Act of December 29, 1945, c. 652, 59 Stat. 673. The Code has since been amended to make the date of mailing a properly addressed petition the controlling date. Sec. 7502, Internal Revenue Code of 1954, 68 A Stat. 895, 26 U.S.C.A. But this case is governed by the old law.

In our view, this statement of the circuit court makes it clear that it was not in any way considering the effect of an incorrect "postal zone" on an envelope in a case governed by the provisions of section 7502. We conclude that the petition in this case was timely filed and that we have jurisdiction over the case.

*An appropriate order will be issued.*