ORTHEL E. CASSELL, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9342–78.     Filed May 10, 1979.

Orthel E. Cassell, pro se.
*Robert P. Edler*, for the respondent.

OPINION

D<small>RENNEN</small>, *Judge:* This case is before us on respondent's motion to dismiss for lack of jurisdiction upon the ground that the petition was not filed within the time prescribed by section 6213(a), I.R.C. 1954.[1] In this case that time was "within 90 days * * * after the notice of deficiency * * * is mailed."

Petitioner resided in St. Louis, Mo., when the "petition" herein was filed. Respondent mailed a notice of deficiency to petitioner in St. Louis on May 4, 1978, in which he determined a deficiency in petitioner's income tax for 1975 in the amount of $1,117.09. On August 8, 1978, which was a Tuesday, the Tax Court received an envelope containing the printed form first page of the notice of deficiency addressed to petitioner. Nothing else appeared on the document except that the printed words "to contest this deficiency" were underscored in ink and at the top of the page the words "Received 5–6–78, mailed 7–31–78" were written in ink. Petitioner identified the writing as his.

The envelope in which the document was received by the Tax Court is a printed self-addressed return envelope addressed to Internal Revenue Service, P.O. Box 1458, Central Station, St. Louis, Mo. 63188. The address was crossed out in ink and opposite it was handwritten in ink "400 2nd St N.W., Washing-

---

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

ton, D.C. 20217." The latter address is the correct address of the Tax Court, but the addressee was Internal Revenue Service. The name of the Tax Court did not appear on the face of the envelope, and neither the sender's name nor a return address was affixed. The envelope bore a 15 cents U.S. Postal stamp, which was canceled.

The envelope had stamped on its face "First Class Mail" and "Important." The envelope also bore a St. Louis postmark with the date "PM——Aug 1978." The words "First Class Mail" were stamped over the postmark and the date in August was illegible to the naked eye.

The Tax Court filed the document as a petition, and on August 9, 1978, issued an order directing petitioner to file on or before October 10, 1978, "a proper amended petition on the form enclosed and pay the filing fee of $10.00." It was further ordered that if an amended petition and filing fee are not received by October 10, 1978, the case would be dismissed and a decision in the amount of the deficiency determined by respondent would be entered against petitioner. No amended petition or filing fee have been received from petitioner.

The respondent filed his above-mentioned motion to dismiss on November 20, 1978, attached to which was evidence that the notice of deficiency was mailed to petitioner on May 4, 1978. The Court thereupon entered an order that the case would be dismissed for lack of jurisdiction unless petitioner, on or before December 29, 1978, filed written objection to respondent's motion setting forth facts, supported by documentary evidence, to indicate that the petition was timely filed. Action on the Court's order of August 9, 1978, was to be held in abeyance pending disposition of respondent's motion.[2]

On January 12, 1979, the Tax Court received a letter from petitioner dated December 19, 1978, with a salutation, "My Dear Sirs" which alleged that petitioner was not being treated fairly by disallowance of certain expenditures, which we assume gave rise to the notice of deficiency. Reference was also made to the slowness of the mail and concluded with the statement that "This letter mailed befoer [sic] the due date of December 29,

---

[2]If the Court's order of Aug. 9, 1978, is carried out, a decision will be entered against petitioner for the full amount of the deficiency. If respondent's motion is granted and this case is dismissed for lack of jurisdiction, the petitioner may pay the deficiency, file a claim for refund, and, if denied, sue to recover in the United States District Court or the Court of Claims.

1979 [sic]." The Court filed this document as a response to its order of November 24, 1978, and set respondent's motion to dismiss for hearing in St. Louis on March 12, 1979.

At the hearing, respondent offered evidence from the manager, Quality Control, United States Postal Service, who testified that a statistical sampling system used by the Post Office to determine whether it was meeting its delivery standards indicated that during the period July 15, 1978, through August 11, 1978, the average volume of mail sent from St. Louis to Washington, D.C., was 1,546 pieces daily, that 18 percent was delivered within 1 day, 46 percent was delivered within 2 days, and 100 percent was delivered within 3 days. Basing his opinion on these statistics the witness testified that a piece of first class mail postmarked in St. Louis on Wednesday, August 2, 1978, would normally have been delivered in Washington, D.C., on or before Saturday, August 5, 1978.

The only evidence offered by petitioner was his own testimony that he left St. Louis for a 10-day vacation in Chicago in the evening on July 31, 1978, and that he remembers putting the envelope in a post box near his home before he left. He could not remember any specific details about where or when he mailed the envelope.

At the conclusion of the hearing, the parties inspected the envelope in the Court's file and the Court offered them an opportunity to have the envelope examined by experts in an effort to determine the date of the postmark. Neither party accepted the offer, so the Court took the matter under advisement. In response to an order of the Court requesting the Director, Crime Laboratory, United States Postal Inspection Service, to ascertain, if possible, the postmark date on the envelope, the Court received a United States Postal Service Crime Laboratory Examination Report which states, in part:

> PROBLEM: Determine the postmark date appearing on the face side of the questioned envelope designated Exhibit A.
>
> FINDINGS: The postmark date appearing on the face side of the questioned envelope designated Exhibit A is "PM 2 AUG 1978".

Exhibit A referred to in the report was the envelope in which the "petition" in this case was received by the Court.

The issue is one of jurisdiction. Unless a petition is timely

filed, the Court has no jurisdiction to decide the case. *Estate of Moffat v. Commissioner*, 46 T.C. 499 (1966). Since the petition in this case was not actually received by this Court within the statutory 90-day period provided for filing a petition (see sec. 6213(a)), the petitioner must rely on section 7502(a)[3] to establish the timeliness of his petition. Under that section, a petition is considered as having been delivered to this Court on the date it is postmarked, provided it is timely deposited in the United States mail in an envelope, postage prepaid, properly addressed to this Court. Section 301.7502–1(c), Proced. & Admin. Regs., provides:

(c) *Mailing requirements.* (1) Section 7502 is not applicable unless the document is mailed in accordance with the following requirements:

(i) the document must be contained in an envelope or other appropriate wrapper, properly addressed to the agency, officer, or office with which the document is required to be filed.

\* \* \* \* \* \* \*

(iii)*(a)* \* \* \* If the postmark on the envelope or wrapper is not legible, the person who is required to file the document has the burden of proving the time when the postmark was made. Furthermore, in case the cover containing a document bearing a timely postmark \* \* \* is received after the time when a document postmarked and mailed at such time would ordinarily be received, the sender may be required to prove that it was timely mailed.

Although the burden of proving that this Court has jurisdiction is on petitioner *(Harold Patz Trust v. Commissioner*, 69 T.C. 497, 503 (1977)), over the years this Court has extended its rules on when and what kind of evidence can be received to determine whether a petition was timely mailed where it is received by the

---

[3]SEC. 7502 (a). GENERAL RULE.—

(1) DATE OF DELIVERY.—If any return, claim, statement, or other document required to be filed \* \* \* within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, \* \* \* the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document \* \* \* is mailed shall be deemed to be the date of delivery \* \* \*

(2) MAILING REQUIREMENTS.—This subsection shall apply only if—

(A) the postmark date falls within the prescribed period or on or before the prescribed date—

(i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or

\* \* \* \* \* \* \*

(B) the return, claim, statement, or other document \* \* \* was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed \* \* \*

Court after the 90-day period and the date on the postmark is illegible, or indeed where there is no postmark at all. Compare *Rappaport v. Commissioner*, 55 T.C. 709 (1971), affd. without opinion 456 F.2d 1335 (2d Cir. 1972), with *Sylvan v. Commissioner*, 65 T.C. 548 (1975), which overruled *Rappaport*. The most recent opinion of this Court dealing with the subject is *Mason v. Commissioner*, 68 T.C. 354 (1977), in which we found the petition to be timely filed based on oral evidence submitted at the hearing on a motion to dismiss. It has also relaxed to some extent its requirements on proof that the cover containing the petition was correctly addressed. See *Minuto v. Commissioner*, 66 T.C. 616 (1976).

We conclude from petitioner's testimony and the report of the Postal Service Crime Laboratory that the postmark on the envelope in which the "petition" was mailed is August 2, 1978, and that this carries petitioner's burden of proving that his "petition" was timely mailed; i.e., the envelope in which it was mailed bore a timely postmark and was timely deposited in the mail. However, we cannot find that the facts meet either the requirement of section 7502(a)(2)(B) that the envelope was properly addressed to the Tax Court wherein the petition was required to be filed, or the requirement of section 6213(a) that the petition be filed "with the Tax Court" within 90 days.

While there is no evidence showing who marked out the printed address of the Internal Revenue Service in St. Louis on the envelope and wrote in the correct address of the Tax Court in Washington, we could accept as a fact that the correct address of the Tax Court was placed on the envelope by petitioner. On its face, that would appear to be so. However, the addressee on the envelope was "Internal Revenue Service" and the name of the Tax Court does not appear on the face of the envelope in any form. The fact that the envelope was eventually delivered to the Tax Court several days late can make no difference.[4] See *Axe v. Commissioner*, 58 T.C. 256 (1972). The statute requires that the envelope be properly addressed to the "office * * * with which

---

[4]We can surmise that the reason an envelope postmarked Aug. 2 was not delivered to the Tax Court until Aug. 8 (a Tuesday) was that the envelope was first delivered to the Internal Revenue Service in St. Louis and readdressed there or was delivered to the Internal Revenue Service in Washington and redirected to the Tax Court there. However, the color of the ink used in readdressing the envelope compares favorably with the color of the ink used to write on the document filed as a petition, which petitioner testified was his writing. But for reasons mentioned in the opinion, such surmises are irrelevant. ·

the * * * document is required to be filed." The words "Internal Revenue Service" bear no resemblance to the words "United States Tax Court" and do not even suggest that the sender intended the envelope to be delivered to the Tax Court. Compare *Minuto v. Commissioner, supra.* The facts in this case simply do not bring it within the ambit of section 7502, and we cannot change the statute. See *C. Frederick Brave, Inc. v. Commissioner,* 65 T.C. 1001 (1976); *Hoffman v. Commissioner,* 63 T.C. 638 (1975); *Axe v. Commissioner, supra; Lurkins v. Commissioner,* 49 T.C. 452 (1968).

Since section 7502 can be of no help to petitioner, we must look to the date the "petition" was actually received and filed by the Court to determine whether it was timely filed under section 6213. Obviously, it was not, and we have no jurisdiction. Respondent's motion to dismiss for lack of jurisdiction will be granted. Possibly petitioner can take advantage of the suggestion made in note 2 hereto, and have his day in Court in the United States District Court or the Court of Claims.[5]

*An appropriate order will be entered.*

---

[5]We call to petitioner's attention that there are also time limits involved in proceeding along the refund route. The file in this case indicates that petitioner has not been very meticulous in observing the time limits for responding to the Court's orders in this case.