ESTATE OF SALVATORE A. CERRITO, DECEASED, STEPHEN CERRITO, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 13645–79.    Filed February 26, 1980.

*Donald G. Daiker*, for the petitioner.
*Ben Reeves*, for the respondent.

## OPINION

DAWSON, *Judge:* This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to dismiss for lack of jurisdiction. After a review of the record, we agree with and adopt his opinion which is set forth below.[1]

## OPINION OF THE SPECIAL TRIAL JUDGE

CANTREL, *Special Trial Judge:* On November 19, 1979, respon-

---

[1]Since this is a preliminary jurisdictional motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.

dent filed a "Motion to Dismiss for Lack of Jurisdiction" on the ground that the petition was not filed within the statutory period prescribed by sections 6213(a)[2] and 7502. Petitioner timely filed a written objection to such motion and a hearing was held thereon at Washington, D.C., on January 16, 1980. The following facts are undisputed.

Respondent determined a deficiency in petitioner's Federal income tax for 1975 in the amount of $13,718. On June 4, 1979, respondent mailed a statutory notice of deficiency to petitioner by certified mail to its last known address at P.O. Box 817, San Jose, Calif. Pursuant to section 6213(a), a taxpayer may file a petition with this Court within 90 days (or 150 days if the notice is addressed to a person outside the United States) after the notice of deficiency is mailed, not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day.[3] Since the 90-day period for the timely filing of the petition herein under consideration expired on Sunday, September 2, 1979, and Monday, September 3, 1979, was a legal holiday in the District of Columbia (Labor Day), the last day for timely filing thereof was Tuesday, September 4, 1979.

The petition was prepared by petitioner's attorney on August 30, 1979 (87 days after the issuance of the notice of deficiency). Thereafter, on that same date, an individual in his office deposited the petition in the U.S. mail at San Jose, Calif. The envelope containing that petition, bearing certified mail No. 141224 and having postage prepaid in the amount of $2.45, was addressed as follows:

United States Tax Court
Box 70
Washington, D.C. 20044

On or about September 17, 1979, the envelope mailed on August 30, 1979, enclosing the petition was returned to the sender by the post office with a stamped notation thereon reading, "Moved Not Forwardable." The address was immediately corrected and

---

[2] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.

[3] SEC. 6213(a). TIME FOR FILING PETITION AND RESTRICTION ON ASSESSMENT.—Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * *

the petition was remailed in a new envelope to the Tax Court on September 17, 1979.

On September 19, 1979, 107 days after the mailing of the notice of deficiency, this Court received and filed the petition, which was remailed in an envelope sent by certified mail from San Jose, Calif., on September 17, 1979, and addressed as follows:

United States Tax Court
400 Second Street, N.W.
Washington, D.C. 20212[4]

A petition for redetermination of a deficiency must be filed with this Court within 90 days after the notice of deficiency is mailed to a taxpayer. Sec. 6213. Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction. *Stone v. Commissioner*, 73 T.C. 617 (1980); *Cassell v. Commissioner*, 72 T.C. 313 (1979); *Estate of Moffat v. Commissioner*, 46 T.C. 499 (1966). Since the petition was actually received by this Court and filed on September 19, 1979, which was 107 days after the mailing of the notice of deficiency, petitioner must rely on section 7502 to establish the timeliness of its petition.

Section 7502 was enacted as part of the Internal Revenue Code of 1954 to ameliorate the inequities and hardships to taxpayers whose petitions were delayed in being delivered to the Court through no fault of their own, but rather because the mail was not functioning properly. *Hoffman v. Commissioner*, 63 T.C. 638, 640–641 (1975); *Lurkins v. Commissioner*, 49 T.C. 452, 454 (1968); *Skolski v. Commissioner*, 351 F.2d 485 (3d Cir. 1965). Section 7502 provides that if the petition was timely mailed to the Tax Court (as evidenced by the U.S. postmark shown on the wrapper or the certified mail receipt retained by the sender) it will be considered as timely filed, even if the actual date of receipt and filing is outside of the 90-day period required by section 6213(a). Sections 7502(a)(1), 7502(c)(2); sec. 301.7502–1, Proced. & Admin. Regs. Since the first mailing of the petition in this case (sent by certified mail on August 30, 1979) was within

---

[4]We observe that the "corrected" address on the second mailing contains an erroneous zip code. The correct zip code is "20217" not "20212."

the 90-day period under section 6213(a), it will be deemed timely if the other requirements of section 7502(a) are met.

Section 7502(a)(2)(B) provides that subsection 7502(a)(1) shall apply only if the document was, within the period provided for its filing, deposited in the U.S. mail in an envelope or other appropriate wrapper, postage prepaid, "properly addressed" to the office with which it is required to be filed.[5] See sec. 301.7502–1(c), Proced. & Admin. Regs. The crux of this case revolves around whether the first mailing of the petition sent by certified mail on August 30, 1979, was "properly addressed."

Petitioner's attorney contends that the first envelope containing the petition was properly addressed because he has been using the "P.O. Box 70" address during his 14 years of practice in the Tax Court, and on no prior occasion has the mailed material been returned. We cannot agree. Rules 22 and 10(e), Tax Court Rules of Practice and Procedure, as in effect at the time the notice of deficiency and the petition in this case were mailed, clearly state that petitions are to be filed with the Clerk of the Court and addressed to: United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20217.[6] The current Tax Court

---

[5]SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING.

(a) GENERAL RULE—

(1) DATE OF DELIVERY.—If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be.

(2) MAILING REQUIREMENTS.—This subsection shall apply only if—

(A) the postmark date falls within the prescribed period or on or before the prescribed date—

(i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or

(ii) for making the payment (including any extension granted for making such payment), and

(B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the. agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made.

[6]Rule 22. Filing. Any pleadings or other papers to be filed with the Court must be filed with the Clerk in Washington, D.C., during business hours, except that the Judge presiding at any trial or hearing may permit or require documents pertaining thereto to be filed at that particular session of the Court, or except as otherwise directed by the Court.

(Here, neither exception mentioned in Rule 22 is applicable.)

Rule 10(e) Mailing Address: Mail to the Court should be addressed to the United States Tax Court,

Rules of Practice and Procedure, which added Rule 10(e), were revised by amendments adopted September 8, 1978, and January 3, 1979, and took effect May 1, 1979, and are therefore controlling in this case. Rule 2(a), Tax Court Rules of Practice and Procedure, 71 T.C. 1177, 1179.[7] Moreover, the Court's mailing address is conspicuously printed on the inside front cover of the Tax Court Rules in effect and is also given in Rules 81(h)(3) (respecting the return of a deposition) and 200(b) (regarding application for admission to practice before the Court). The Court's "400 Second Street" mailing address has been listed in Rules 81(h)(3) and 200(b) since the September 2, 1975, revision of the Tax Court Rules of Practice and Procedure.[8] Rules 22 and 10(e) explicitly and unambiguously mandate that the envelope containing the petition should be addressed to the Clerk of the Court at the "United States Tax Court, 400 Second Street, N.W., Washington, D.C. 20217"; such address must be regarded as the proper address for petitions to be filed with the Tax Court within the intendment of section 7502(a)(2). Accordingly, the first envelope, which was addressed to "P.O. Box 70," was not properly addressed so as to be considered a timely filing under section 7502.

Since the first envelope containing the petition which was timely mailed was not properly addressed, the petition was not timely filed under the provisions of section 7502; and since the envelope in which the petition was ultimately delivered to the Tax Court was not received within the 90-day period and was not timely mailed, the petition was not timely filed under the provisions of section 6213. Accordingly, the Tax Court has no jurisdiction. *Axe v. Commissioner*, 58 T.C. 256, 258 (1972); *Lurkins v. Commissioner*, 49 T.C. 452, 455 (1968).

Here, the facts do not fall within the scope of this Court's opinion in *Minuto v. Commissioner*, 66 T.C. 616 (1976). In order to distinguish this case, the *Minuto* case, and the cases which this Court decided before *Minuto* (all of which involve the section 7502(a)(2) "properly addressed" issue), a brief historical account

---

400 Second Street, N.W. Washington, D.C. 20217. Other addresses, such as locations at which the Court may be in session, should not be used.

[7]The Note pertaining to Rule 10(e), at 71 T.C. 1180, forewarns, "Par. (e) of this Rule is a new provision setting forth the exclusive mailing address of the Court."

[8]We also note that the notice of deficiency in response to which the present petition was filed (a copy of which was attached to the petition) states, "The petition should be filed with the United States Tax Court, 400 Second Street N.W., Washington, D.C. 20217."

is necessary. On January 20, 1975, the Tax Court moved to its present address at 400 Second Street, N.W. For many years prior to January 1, 1974, Rule 1(b) of the Court's Rules specifically listed the old mailing address of the Court: "Box 70, Washington, D.C. 20044." As of January 1, 1974, a substantial revision was made in our Rules of Practice and Procedure;[9] no specific mailing address was stated in the 1974 version of the Rules with respect to the mailing address at which pleadings were to be filed. The only information pertaining to the filing of pleadings with the Tax Court in those revised Rules, which were in effect at the time the taxpayer mailed his petition in *Minuto*, was Rule 22 which stated that "pleadings or other papers to be filed with the Court must be filed with the Clerk in Washington, D.C., during business hours."[10]

In *Minuto*, the Court received and filed more than 90 days after the mailing of the notice of deficiency a petition enclosed in an envelope addressed to "400 Second Street, N.W., Box 70, Washington, D.C. 20044." The postmark on the envelope, however, was established by evidence to be the 90th day after the mailing of the notice of deficiency. We held in that case that we had jurisdiction and stated:

In light of the fact that the Rules in effect when the petition in this case was mailed stated no mailing address for the Court and at that time the Court's offices had been located at its new address of 400 Second Street, N.W., Washington, D.C., for a little. less than 1 year, we conclude that a reasonable interpretation of the words "properly addressed" in section 7502(a)(2)(B) is that the envelope in which the petition in this case was enclosed was properly addressed. * * * [*Minuto v. Commissioner, supra* at 621.]

In the present case, the new address of the Court had been in effect for well over 4 years at the time the notice of deficiency and the petition were mailed. Furthermore, the Rules in effect at that time explicitly stated the Court's mailing address. Rules 10(e), 81(h)(3), 200(b), Tax Court Rules of Practice and Procedure (81(h)(3) and 200(b) have been in effect since September 2, 1975).

In our discussion of the lack of specificity in the then-

---

[9]See 60 T.C. 1069, 1075.

[10]Rule 22 contained the same provisions in the Jan. 1, 1974, printing of the Rules as it did in the Sept. 2, 1975, printing of the Rules which were in effect at the time the petition was mailed in *Minuto v. Commissioner*, 66 T.C. 616 (1976). See 64 T.C. 1180.

applicable Rules in failing to state a mailing address, we also made the following statements in *Minuto:*

We are not here confronted with the facts which lead to our conclusion in the *Lurkins* case. There our current Rules specifically provided that petitions be filed with the "Clerk of the Tax Court of the United States" and set forth the mailing address of the Clerk of the Tax Court with whom petitions and other pleadings should be filed. * * * [*Minuto v. Commissioner, supra* at 621.]

Unlike *Minuto,* the circumstances surrounding the present case are more akin to the situations faced in *Lurkins v. Commissioner, supra; Axe v. Commissioner, supra.*[11] Here, the Rules in effect at the time of the mailing of the notice of deficiency and the petition clearly provided that petitions were to be filed with the Clerk of the U.S. Tax Court and clearly set forth the address of the Clerk. Rules 22 and 10(e), Tax Court Rules of Practice and Procedure (May 1, 1979, Printing). Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted.

> *An appropriate order of dismissal will be entered.*

---

[11]See also *Garland v. Commissioner,* T. C. Memo. 1971–79.