HENRY R. BERRY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Berry v. Commissioner
Docket No. 10050-78.
United States Tax Court
T.C. Memo 1981-106; 1981 Tax Ct. Memo LEXIS 641; 41 T.C.M. (CCH) 1061; T.C.M. (RIA) 81106; March 5, 1981. Robert F. Wright, Jr., for the petitioner. Maurice W. Gerard, for the respondent. PARKER
MEMORANDUM OPINION PARKER, Judge: This matter is before the Court on respondent's second motion to dismiss for lack of jurisdiction on the ground that the petition was not timely filed within the 90-day period prescribed by sections *642 6213(a) and 7502. [1] The Court denied respondent's first motion to dismiss, based on petitioner's written objection to the motion. When respondent subsequently filed a second motion to dismiss, an evidentiary hearing was held with respect to the facts surrounding the mailing of the petition to the Tax Court. In opposition to that motion, petitioner contends that he comes within the timely-mailing-as-timely-filing provisions of section 7502(b) and section 301.7502-1(c)(1)(iii)(b) of the Procedure and Administration Regulations. Petitioner did not file any Federal income tax returns for the taxable years 1971 through 1974. Respondent determined deficiencies in petitioner's Federal income tax and additions to the tax for those years as follows: Addition to
Addition to
Addition to
the Tax under
the Tax under
the Tax under
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654(a)
1971
$ 13,494.77
$ 3,373.69
$ 674.74
$ 431.83
1972
675.00
168.75
33.75
21.61
1973
76,592.56
19,148.14
3,829.63
2,405.97
1974
44,791.07
11,197.77
2,239.55
1,433.31
*643 On May 25, 1978, respondent mailed a statutory notice of deficiency by certified mail to petitioner at his last known address, 2402 Forest Park Road, Augusta, Georgia 30904. [2] Wednesday, August 23, 1978, was the 90th day after the mailing of the statutory notice of deficiency, and that day was not a legal holiday in the District of Columbia. Six or seven days before the 90-day period expired, petitioner and his accountant for the first time contacted and retained his present counsel to prepare a petition in this case. Petitioner's counsel was acutely aware that August 23, 1978 was the 90th day after the notice of deficiency had been mailed. Petitioner's counsel initially had difficulty obtaining information from petitioner or his accountant sufficient to prepare a petition in this case, but by Monday, August 21, 1978, the petition had been prepared and was awaiting review by the petitioner. Although petitioner was supposed to come to his counsel's office that day, he did not appear. He had a friend call to say that he was tied up that day but would come in on *644 Tuesday, August 22, 1978. Petitioner also failed to appear on Tuesday. On the 90th day, on Wednesday, August 23, 1978, petitioner and his accountant finally appeared at the counsel's office around 3:30 p.m. Petitioner reviewed the original petition and around 4:45 p.m. or 4:50 p.m. signed a sworn statement that he had read the petition, or had had it read to him, and that he knew or believed the statements contained therein to be true. Thereafter, copies of the petition were made and the petition was placed into an envelope addressed as follows: United States Tax Court, Box 70, Washington, D.C. 20044 The United States Post Office nearest to the law offices of petitioner's counsel closed at 5:00 p.m. Petitioner's counsel personally deposited the envelope containing the petition in a mail box located in his office building, after 5:00 p.m. but before 5:30 p.m. on Wednesday, August 23, 1978. On that day, there were scheduled pickups from that particular mail box at 5:35 p.m. and at 6:25 p.m. The petition was received at the United States Tax Court in Washington, D.C. at 9:29 a.m. on Wednesday, August 30, 1978, 97 days after respondent had mailed the statutory notice to petitioner. *645 The envelope containing the petition bore a private postage meter mark dated August 23, 1978, but it did not contain any postmark of the United States Postal Service. The United States Postal Service has set certain standards for delivery of mail to Washington, D.C. from various parts of the United States. The service standard for delivery of mail from Augusta, Georgia, to Washington, D.C. is that 95 percent of such mail should arrive at post offices in Washington, D.C. within two days. Although this is the service standard, the record does not show whether or to what extent that standard was being met during the period of time involved in this case. Moreover, that service standard referred only to delivery to post offices in Washington, D.C., not to delivery to the United States Tax Court. There is no evidence in this record showing the procedures or practices for delivery of mail between post offices in Washington, D.C. and the Tax Court during the period in question. A petition for redetermination of a deficiency must be filed with this Court within 90 days [150 days in certain cases] after the notice of deficiency is mailed to the taxpayer, and that 90-day [or 150-day] *646 period is jurisdictional. Estate of Cerrito v. Commissioner, 73 T.C. 896, 898 (1980); Estate of Moffat v. Commissioner, 46 T.C. 499 (1966). Since the petition in this case was not filed until the 97th day, it must be dismissed for lack of jurisdiction, unless petitioner can bring himself within section 7502, [3] under which timely mailing can be treated as timely filing if certain requirements are met. *647 The envelope containing the petition in this case was addressed to the Tax Court's old Box 70 address and was thus not "properly addressed" as required by section 7502(a)(2)(B). Price v. Commissioner, 76 T.C.     (Feb. 25, 1981); Smetanka v. Commissioner,74 T.C. 715 (1980); Estate of Cerrito v. Commissioner,supra.It would therefore seem that petitioner cannot satisfy the basic prerequisites for relief under section 7502 quite apart from the hurdles facing him due to the fact that the postmark on his envelope was one not made by the United States Postal Service. However, the operative events in this case occurred before the Court's opinion in the Cerrito case and before the May 1, 1979 revision of the Tax Court Rules of practice and Procedure in which Rule 10(e) spelled out the Court's proper mailing address. In view of those factors, the result in this case should perhaps be controlled by our earlier opinion in Minuto v. Commissioner,66 T.C. 616 (1976), in which the old Box 70 address was deemed to satisfy the "properly addressed" requirement of section 7502. However, we need not resolve that question, because *648 petitioner is not entitled to the benefits of 7502 for other reasons. Since the postmark in this case was not made by the United States Postal Service, the timely-mailing-as-timely-filing provisions apply "only if and to the extend provided by regulations prescribed by the Secretary." Section 7502(b). The pertinent regulation is section 301.7502-1(c)(1)(iii)(b) of the Procedure and Administration Regulations. [4] Under that regulation, the sinequanon is that the petition must have been deposited in the mail on or before the last day for filing. Once that prerequisite is met, there are two alternative methods by which petitioner may be able to obtain the benefits of section 7502. The first method applies when the petition is delivered by the United States mail within the normal time for delivery, and the second method applies when the petition is delivered after the normal time for delivery. *649 Here petitioner has established that the petition was deposited in the mail on or before the last day for filing. The Court can and does find as a fact that petitioner's counsel deposited the envelope in the mail box before the last scheduled pickup on the 90th day. Nevertheless, petitioner cannot avail himself of the first method. The first method requires that the envelope be received not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. (Emphasis added.) Section 301.7502-1(c)(1)(iii)(b), Proced. & Adm. Regs. The evidence in this case as to the service standards of the United States Postal Service is not sufficient to support a finding of fact that mail from Augusta, Georgia, would ordinarily be received in post offices in Washington, D.C. within two days, as respondent contends. On the other hand, there is no evidence to suggest that the normal delivery *650 time from Augusta, Georgia to Washington, D.C. is as much as the seven days involved here. Accordingly, we must conclude that the petition here was delivered after the time when a document so mailed and so postmarked would ordinarily be received. Thus, petitioner must rely on the second method set out in the regulation, a method involving three separate elements. Petitioner must prove (i) that it [the petition] was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. Section 301.7502-1(c)(1)(iii)(b), Proced. & Adm. Regs. Unfortunately, petitioner has established only the first element, the timely deposit of his petition in the mail on or before the last day. Petitioner has established neither of the remaining two elements, that delay in receiving the document was due to delay in the transmission of the mail or the *651 cause of such delay. In the absence of such evidence, the delay in this case may just as well have been caused by the improper address on the envelope as by some undisclosed delay in the transmission of the mail. The validity of section 301.7502-1(c)(1)(iii)(b) has been upheld. Fishman v. Commissioner,51 T.C. 869 (1969), affd. per curiam 420 F. 2d 491 (2d Cir. 1970); Lindemood v. Commissioner,566 F. 2d 646 (9th Cir. 1977), affg. a Memorandum Opinion of this Court. As the Lindemood opinion points out at page 649: The regulation states explicitly that the taxpayer must establish the cause of the delay in the receipt of his document. It leaves no room for exceptions or judicial interpretation. Appellants' argument that it is sufficient that they showed the delay was not their fault is contrary to the plain meaning of the regulation. A similar argument was rejected in Irving Fishman, 51 T.C. 869 (1969), aff'd. per curiam, 420 F. 2d 491 (2d Cir. 1970). Here too, we must enforce the strict requirements of the regulation even though the result may appear to be harsh and even though the requirement *652 of proving the cause of delay places an almost impossible burden upon the taxpayer. We have no choice except to grant respondent's second motion to dismiss for lack of jurisdiction. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years involved in this case, unless otherwise stated.↩
2. Petitioner was a legal resident of Augusta, Georgia, at the time he filed his petition in the Tax Court.↩
3. SEC. 7502. TIMELY MAILING TREATED AS TIMELY FILING AND PAYING. (a) General Rule.-- (1) Date of Delivery.--If any return, claim, statement, or other document required to be filed, or any payment required to be made, within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery or the date of payment, as the case may be. (2) Mailing Requirements.--This subsection shall apply only if-- (A) the postmark date falls within the prescribed period or on or before the prescribed date-- (i) for the filing (including any extension granted for such filing) of the return, claim, statement, or other document, or (ii) for making the payment (including any extension granted for making such payment), and (B) the return, claim, statement, or other document, or payment was, within the time prescribed in subparagraph (A), deposited in the mail in the United States in an envelope or other appropriate wrapper, postage prepaid, properly addressed to the agency, officer, or office with which the return, claim, statement, or other document is required to be filed, or to which such payment is required to be made. (b) Postmarks↩.--This section shall apply in the case of postmarks not made by the United States Postal Service only if and to the extent provided by regulations prescribed by the Secretary.
4. Section 301.7502-1(c)(1)(iii)(b) of the Procedural and Administrative Regulations provides that: (b) If the postmark on the envelope or wrapper is made other than by the United States Post Office, (1) the postmark so made must bear a date on or before the last date, or the last day of the period, prescribed for filing the document, and (2) the document must be received by the agency, officer, or office with which it is required to be filed not later than the time when a document contained in an envelope or other appropriate wrapper which is properly addressed and mailed and sent by the same class of mail would ordinarily be received if it were postmarked at the same point of origin by the United States Post Office on the last date, or the last day of the period, prescribed for filing the document. However, in case the document is received after the time when a document so mailed and so postmarked by the United States Post Office would ordinarily be received, such document will be treated as having been received at the time when a document so mailed and so postmarked would ordinarily be received, if the person who is required to file the document establishes (i) that it was actually deposited in the mail before the last collection of the mail from the place of deposit which was postmarked (except for the metered mail) by the United States Post Office on or before the last date, or the last day of the period, prescribed for filing the document, (ii) that the delay in receiving the document was due to a delay in the transmission of the mail, and (iii) the cause of such delay. If the envelope has a postmark made by the United States Post Office in addition to the postmark not so made, the postmark which was not made by the United States Post Office shall be disregarded, and whether the envelope was mailed in accordance with this subdivision shall be determined solely by applying the rule of (a↩) of this subdivision.