ARTHUR M. GREENE, SR. AND GRACE W. GREENE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Greene v. Commissioner
Docket No. 29587-82.
United States Tax Court
T.C. Memo 1984-359; 1984 Tax Ct. Memo LEXIS 310; 48 T.C.M. (CCH) 510; T.C.M. (RIA) 84359; July 16, 1984. *310 Ps' attorney mailed their petition to this Court by First Class mail in an envelope bearing a partially illegible private postage mater stamp date and an address label bearing an incorrect address. That envelope was stamped by the U.S. Postal Service "Return to Sender", "Moved, not forwardable" and returned to Ps' attorney. Then, another address label bearing the Court's correct address was superimposed over the label bearing the incorrect address. Thereafter, 95 days after the mailing of separate notices of deficiency, the petition was delivered by hand to the office of the Clerk of this Court. Held, where petition was not delivered by U.S. mail petitioners may not rely on the provisions of sec. 7502, I.R.C. 1954, and its regulations; petition must meet the requirements of sec. 6213(a). Held further, since petition failed to satisfy those requirements, respondent's Motion to Dismiss for Lack of Jurisdiction is granted. William M. Claytor, for the petitioners. Alan I. Weinberg and Mathew E. Bates, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: Respondent's Motion to Dismiss for Lack of Jurisdiction was assigned to Special Trial Judge Francis J. Cantrel *311 for hearing, consideration and ruling thereon. [1] After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction filed on February 10, 1983 and which is predicated on the ground that the petition herein was not timely filed pursuant to sections 6213(a) and 7502. [2] Petitioners filed a response to respondent's motion on February 14, 1983 and a hearing was held thereon at Washington, D.C. on May 25, 1983. No appearance was made by or on behalf of petitioners nor was a further response to respondent's motion filed. See Rule 50(c). [3] Counsel for respondent appeared and presented argument, at the conclusion of which respondent's motion was taken under advisement. Respondent, in separate notices of deficiency issued to petitioners on September 17, 1982, determined *312 a deficiency in each petitioner's Federal gift tax and additions to the tax for the taxable quarter ending June 30, 1976, based on their failure to timely file and pay Federal gift tax returns and taxes, as follows: Additions to Tax, I.R.C. 1954
Petitioner
Gift Tax
Section 6651(a)(1)
Section 6651(a)(2) [4]
Grace W. Greene
$6,777.00
$1,699.00
$5.00
Arthur M. Greene, Sr.
6,777.00
1,699.00
5.00
The notices were mailed by certified mail to petitioners last known address at Boiling Spring Lakes, Southport, N.C. 28461. The 90-day period for timely filing of the petition herein expired on Thursday, December 16, 1982, which was not a legal holiday in the District of Columbia. At the outset we think it not only appropriate, but necessary, to state that the Court obtained the original envelope in which the petition was deposited into the U.S. Postal Service and in which the petition was ultimately hand-delivered to the Court. Upon review thereof it was determined that said envelope be submitted to the Federal Bureau of Investigation Laboratory (F.B.I.) for analysis, examination and report *313 thereon. [5]
On December 13, 1982 the petition herein was placed in an envelope, sealed and deposited in the mail of the U.S. Postal Service at Charlotte, North Carolina. [6] The envelope shows prepaid postage of $ .88 stamped by private meter number 1275906. The postage meter date is not legible. On the cover of the envelope was an address label addressed as follows: CLERK OF COURT, UNITED STATES TAX COURT, WASHINGTON, D.C. 20044 The sealed envelope was returned to the office of petitioners' counsel on December *314 20, 1982. Now appearing on the cover of the envelope were the following notations placed thereon by the U.S. Postal Service: Returned to Sender, Moved, not forwardable Another address label was superimposed over the first address label. The new label was addressed as follows: CLERK OF COURT, UNITED STATES TAX COURT, 400 SECOND ST. NW, WASHINGTON, D.C. 20217 Counsel for petitioners contacted a fellow Charlotte attorney, Harold J. Bender, Esq., who had plans to travel to Washington, D.C. on Tuesday, December 21, 1982, and requested him to carry and hand-deliver the still-sealed envelope to the Court. On December 21, 1982 the petition herein still in the sealed envelope was hand-delivered to the Court by Mr. Bender and it was filed on that date. The sole issue before the Court is whether the petition herein was timely filed pursuant to sections 6213(a) and 7502. Petitioners urge that it was and respondent counters that it was not. For the reasons set forth hereinbelow we agree with respondent. Section 6213(a), which permits the filing of petitions with this Court, provides in part-- * * * Within 90 days * * * after the notice of deficiency authorized in section 6212 is mailed (not *315 counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * The time provided for the filing of a petition with this Court is jurisdictional and cannot be extended. Failure to file within the prescribed period requires that the petition be dismissed for lack of jurisdiction. Blank v. Commissioner,76 T.C. 400, 403 (1981); Estate of Rosenberg v. Commissioner,73 T.C. 1014, 1016-1017 (1980); Estate of Cerrito v. Commissioner,73 T.C. 896, 898 (1980); Stone v. Commissioner,73 T.C. 617, 618 (1980); Estate of Moffat v. Commissioner,46 T.C. 499, 501 (1966). In Blank v. Commissioner,supra, where a petition was hand-delivered to the Court by a representative of Air Couriers International on the 91st day after the deficiency notice was issued, we said at 404-- Section 7502(a)(1) sets out the general rule that if any document that must be filed within a prescribed period is after that period or date "delivered by United States mail" to the office where it is to be filed, then the date of the U.S. postmark stamped on the envelope or other appropriate wrapper *316 in which the document is mailed "shall be deemed to be the date of delivery." * * * The statute on its face seems to contemplate the use of the "United States mail" for delivery and not some private delivery service such as Air Couriers International.[7]
There we held that section 7502 does not apply when delivery is made by a private delivery service rather than by the U.S. Postal Service. [8] *317 Here, it is crystal clear that the petition was not delivered to the Court by United States mail but hand-delivered to the Court on the 95th day after the mailing of the notices of deficiency. [9] We see no meaningful distinction between the facts in this record and those in Blank v. Commissioner,supra;Leith v. Commissioner,T.C. Memo. 1983-670; Winchell v. Commissioner,T.C. Memo. 1983-221; Levinsky v. Commissioner,T.C. Memo. 1982-544; and Wilson v. Commissioner,T.C. Memo. 1980-258, and, consequently, we must, and do, follow their holdings. Respondent's motion will be granted.
An appropriate order of dismissal will be entered.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
2. All section references are to the Internal Revenue Code of 1954, as amended. ↩
3. All rule references are to the Tax Court Rules of Practice and Procedure.↩
4. As to the determined late payment addition of sec. 6651(a)(2) see Estate of Young v. Commissioner,81 T.C. 879↩ (1983).
5. The envelope was received into evidence as Court's Exhibit I by Court Order dated March 22, 1983. A copy of the exhibit and Court order were served on counsel for the parties by the Court on March 23, 1983. The F.B.I. Report with attachments, which were received by the Court on April 25, 1983, were received into evidence as Court's Exhibit III by Court Order dated April 29, 1983. A copy of said exhibit and the Court's order were served on counsel for the parties on April 29, 1983.↩
6. The record does not inform us of who deposited the envelope into the U.S. mail system. We, therefore, assume it was petitioners' counsel or his secretary or someone affiliated with that office.↩
7. See also, sec. 301.7502-1(d)(1), Proced. & Admin. Regs., which states--"Section 7502↩ is not applicable unless the document is delivered by United States mail to the agency, officer, or office with which it is required to be filed." 8. Accord, Leith v. Commissioner,T.C. Memo. 1983-670; Winchell v. Commissioner,T.C. Memo. 1983-221; Levinsky v. Commissioner,T.C. Memo. 1982-544; Wilson v. Commissioner,T.C. Memo. 1980-258.Each of these cases involved hand-delivered petitions by representatives of private delivery services. See 1 Casey, Fed. Tax Prac., sec. 6.25, p. 521 (1982). See also and compare Herrera v. Commissioner,T.C. Memo. 1984-47 and Foerster v. Commissioner,T.C. Memo. 1981-32. Our research has disclosed that there is no published Tax Court opinion involving a hand-delivered petition by an individual other than a representative of a private delivery service.
9. The fact the envelope containing the petition was once deposited in the U.S. mail system is of no legal consequence. That envelope was not properly addressed and it was returned to petitioners' counsel and received by him on December 20, 1982. See Estate of Cerrito v. Commissioner,73 T.C. 896 (1980), and sec. 7502(a)(2)(B)↩. We observe that the Court's correct address was clearly set forth in the notices of deficiency upon which the petition is predicated.