T.C. Summary Opinion 2002-102


UNITED STATES TAX COURT


JAMES T. HIGDON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 239-02S.                    Filed August 6, 2002.


James T. Higdon, pro se.

Nancy W. Hale, for respondent.


    LARO, Judge:    This case was heard pursuant to section

7463.[1]  Respondent moves the Court to dismiss the portion of the

case relating to 1997 for lack of jurisdiction and to strike

those portions of the pleadings pertaining to said year.

Respondent alleges that no deficiency in tax for 1997 has been

_____

    [1] Section references are to the applicable versions of the
Internal Revenue Code.  Rule references are to the Tax Court
Rules of Practice and Procedure.

determined over which the Court has jurisdiction and that no notice of deficiency has been sent to petitioner. Petitioner objects to respondent's motion but does not state any reason or authority which would give us jurisdiction.

## Background

Petitioner petitioned this Court to redetermine a deficiency of $31,727 in his 1998 Federal income tax and additions thereto of $4,729.27, $2,101.90, and $899,97 under sections 6651(a)(1), 6651(a)(2), and 6654(a), respectively. Petitioner resided in Jacksboro, Tennessee, when his petition was filed with the Court.

Petitioner did not file a Federal income tax return for 1997. On or about October 16, 2001, petitioner requested a refund for 1997 in the amount of $17,607. Respondent denied this request because, he determined, it was outside of the statutory period to file for a refund. Respondent has not mailed a notice of deficiency to petitioner with respect to 1997. Petitioner alleges that respondent should have determined an overpayment in petitioner's Federal income tax return for 1997 before calculating a deficiency for 1998, in order to net the 1998 deficiency against the 1997 overpayment.

## Discussion

The party requesting that the Court decide an issue bears the burden of proving that we have the requisite jurisdiction to decide that issue. See Cassell v. Commissioner, 72 T.C. 313,

317-318 (1979); Ronald R. Pawlak, P.C. v. Commissioner, T.C. Memo. 1995-7; McGarvin v. Commissioner, T.C. Memo. 1994-410.  We are guided by Rule 13(a), which generally provides that "the jurisdiction of the Court depends * * * upon the issuance by the Commissioner of a notice of deficiency in income, gift, or estate tax".  See also Stewart v. Commissioner, T.C. Memo. 1998-319.

Here, respondent has only determined a deficiency in petitioner's 1998 Federal income tax, and respondent has only issued a notice of deficiency to petitioner for that year. Although petitioner's claim with respect to 1997 is associated with income taxes, the subject matter over which we generally have jurisdiction, respondent has not issued a notice of deficiency to petitioner for that year.[2]  Furthermore, section 6214(b) provides:

> Jurisdiction over other years and quarters. The Tax Court in redetermining a deficiency of income tax for any taxable year or of gift tax for any calendar year or calendar quarter shall consider such facts with relation to the taxes for other years or calendar quarters as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year or calendar quarter has been overpaid or underpaid.

---

[2] Although the Court would have jurisdiction to determine an overpayment for 1997 had a notice of deficiency been issued for that year (when 1998 notice was issued), the limitation of sec. 6512(b)(3) would have prevented its crediting to 1998 tax in any event.

Therefore, even if petitioner did overpay his 1997 tax, a matter as to which we express no opinion, we do not have jurisdiction to determine any overpayment for that year.  See <u>Stewart v. Commissioner</u>, <u>supra</u>.  Petitioner's request to the Court to determine an overpayment in tax for 1997 in order to redetermine a deficiency in 1998 is expressly beyond the Court's jurisdiction.

<u>An appropriate order will be issued granting respondent's motion to dismiss for lack of jurisdiction and to strike the related portions of the pleadings.</u>