JAMES M. FOLEY, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Foley v. Commissioner
Docket No. 28458-81.
United States Tax Court
T.C. Memo 1983-3; 1983 Tax Ct. Memo LEXIS 783; 45 T.C.M. (CCH) 456; T.C.M. (RIA) 83003; January 4, 1983. *783 Petitioner used his representative's address as his own for tax purposes. Shortly after an audit was commenced of petitioner's 1976 tax return, petitioner executed a power of attorney prepared by his representative which erroneously showed a post office box in Nevada as petitioner's address. Petitioner was subsequently transferred to Germany. Respondent was given oral notification of petitioner's move along with his new address in Germany. During the course of the audit, petitioner's representative moved his offices. Respondent was given written notification of this move by petitioner's representative. Upon the subsequent commencement of an audit of petitioner's 1977 tax return, petitioner executed a power of attorney which contained petitioner's address in Germany along with his representative's new address. Respondent thereafter contacted petitioner's representative at his new address requesting that petitioner extend the statute of limitations for 1976. In preparing the appropriate form for this extension, respondent utilized petitioner's Germany address. Respondent subsequently sent petitioner a notice of deficiency addressed to him at the Nevada address. Respondent *784 also mailed a copy of such notice to petitioner's representative at his former address. Petitioner filed a petition more than 150 days after the notice was sent. Both parties filed a Motion to Dismiss for Lack of Jurisdiction. Held, the notice was not addressed to petitioner at his "last known address." Sec. 6212(b)(1), I.R.C. 1954. Lloyd Taylor, for *785 the petitioner. Patricia Anne Golembiewski, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: This case is presently before the Court on both respondent's and petitioner's Motions to Dismiss for Lack of Jurisdiction filed pursuant to Rule 53, Tax Court Rules of Practice and Procedure.[1] The sole issue for decision is whether respondent mailed the deficiency notice herein to petitioner at his "last known address" as that phrase is used in section 6212(b)(1), I.R.C. 1954. Petitioner, James M. Foley, Jr., is a resident of Berlin, Germany. He filed individual Federal income tax returns for the taxable years 1976 and 1977 with the Internal Revenue Service Center, Fresno, California. Petitioner is a commercial pilot who travels extensively. The home address appearing on petitioner's Federal income tax returns for the years in issue is Priest, Atherton and Ramey, 107-1101 S. Winchester, San Jose, California 95128 (hereinafter the San Jose address), the business address of John H. Priest, petitioner's accountant and tax return preparer. Petitioner had *786 authorized Mr. Priest to open all communications from the government and respond as appropriate. Petitioner has been a resident of Berlin, Germany since August 1978. During the tax years in question, petitioner maintained a post office box in both Burlingame, California[2] and Incline Village, Nevada. Although petitioner lived in Nevada at one time prior to moving to Berlin, he maintained, and still maintains, the post office box in Nevada, which he shares with other people, for use only three or four times a year when on vacation. Because he frequently did not pick up his mail there for several months at a time, petitioner has not used the Nevada post office box for the receipt of any mail pertaining to official business since his move to Germany in August 1978. On March 21, 1978 respondent mailed form letter 890 (DO) to petitioner informing him that the Internal Revenue Service was conducting an audit of his Federal income tax return for 1976 and required certain records. This letter was addressed to Mr. Priest's San Jose address. In response to the initiation of this audit, *787 on July 24, 1978, Mr. Priest sent to Craig Leventon, a agent for respondent, a copy of a letter he had received from petitioner. In this letter, petitioner explained that he had been transferred to Berlin, Germany and, consequently, that it would be sometime before he could return to California to assemble the necessary records desired by respondent. In the meantime, petitioner asked that Flight Crew Mail, Pan American Airways, Flughafen Tegel, 1 Berlin 52, Germany (hereinafter the German address) be used as his mailing address. Subsequently, on July 29, 1978, petitioner executed a Form 2848, power of attorney, for the taxable year 1976 in favor of his representative John Priest. This document erroneously gave as petitioner's address the post office box in Incline Village, Nevada. The power of attorney was prepared by Mr. Priest's office and apparently was sent to petitioner on July 11, 1978, several days prior to Mr. Priest's receipt of petitioner's Germany address. Petitioner signed the document "without looking at it in great care" and returned it to Mr. Priest. This power of attorney provided that copies of notices and written communications should be sent to Mr. Priest *788 at his San Jose address. On December 14, 1978, Mr. Priest sent a letter to A. Finlayson, an employee of the Internal Revenue Service, with respect to the audit of petitioner's 1976 return. In this letter, Mr. Priest informed Mr. Finlayson that he expected to receive petitioner's information from Germany as soon as petitioner's personal effects arrived there. At all times thereafter, Mr. Priest corresponded and met with Revenue Agent Kent Noard, who conducted the examination of petitioner's 1976 return for respondent. During this examination, Mr. Priest gave Mr. Noard oral notice of the fact that petitioner had moved to Germany. Additionally, Mr. Priest supplied Mr. Noard with petitioner's Germany address, and at no time did he give Mr. Noard any different address for petitioner. Respondent subsequently initiated an audit of petitioner's 1977 Federal income tax return necessitating the execution of a second power of attorney for petitioner on March 3, 1980. On such document, petitioner's Germany address was listed as his current address. The document also displayed a new address for Mr. Priest, 455 Los Gatos Blvd., Suite 208, Los Gatos, California 95030 (hereinafter the *789 Los Gatos address).Mr. Priest had moved his offices during the course of the audit and all of the various divisions of the San Jose office of the Internal Revenue Service had been notified in writing of such change. On March 20, 1980 Mr. Noard wrote Mr. Priest requesting a list of items relevant to the examination of petitioner's tax returns for 1976 and 1977. This letter was mailed to John H. Priest at his new Low Gatos address.In this letter, Mr. Noard enclosed a Form 872, Consent to Extend Statute of Limitations for petitioner's 1976 tax year. The information on this document had been typed in by Mr. Noard and gave petitioner's Germany address in the appropriate space for the taxpayer's address. During the examination of petitioner's 1977 tax return, Mr. Priest, who was the designated representative in the power of attorney dated March 3, 1980, corresponded and met with Mr. Noard. Upon completion of his examination of petitioner's 1976 and 1977 tax returns, respondent sent by certified mail a statutory notice of deficiency dated April 6, 1981 to petitioner's Nevada address. On April 28, 1981 the Post Office at Incline Village, Nevada returned the envelope containing the *790 notice of respondent stamped "Unclaimed." Respondent also mailed a statutory notice of deficiency for the tax years 1976 and 1977 to petitioner's representative John Priest at his former San Jose address. This notice was also sent by certified mail and was subsequently returned to respondent with the notation "Return to Sender. Not Deliverable as Addressed. Unable to Forward." Respondent never mailed any statutory notice of deficiency to petitioner at Mr. Priest's Los Gatos address or petitioner's Germany address and petitioner never received any such notice. On August 31, 1981 respondent sent collection notices to petitioner for the tax years 1976 and 1977. These notices were mailed to Mr. Priest's Los Gatos office. Follow-up letters also were sent to petitioner at the same address on November 13 and November 20, 1981. Upon receipt of these collection notices, petitioner filed a petition with this Court on November 23, 1981 alleging that he had received no statutory notice of deficiency. In response to petitioner's action, respondent filed a Motion to Dismiss for Lack of Jurisdiction pursuant to Rules 50 and 13(a), Tax Court Rules of Practice and Procedure. Respondent *791 based this motion on the fact that no notice of deficiency had been issued. This Court granted respondent's motion on March 1, 1982. On May 27, 1982 respondent filed a Motion to Vacate the Order of Dismissal of March 1, 1982. Respondent alleged as a basis for this motion that his prior motion to dismiss was erroneously filed since a notice of deficiency for the taxable years 1976 and 1977 had been mailed on April 6, 1981 to petitioner at the Nevada address. Respondent also simultaneously filed a Motion to Dismiss for Lack of Jurisdiction, pursuant to Rules 50 and 13(c), Tax Court Rules of Practice and Procedure, based on the fact that petitioner failed to file a petition with this Court within the 90-day period from the mailing of the statutory notice of deficiency on April 6, 1981. On June 9, 1982 this Court granted respondent's Motion to Vacate the Court's Order of Dismissal. Subsequently, on June 21 petitioner filed a Motion to Have Deficiency Notice Ruled a Nullity which we have treated as a Motion to Dismiss for Lack of Jurisdiction. Petitioner based this motion on this allegation that the notice was not mailed to his "last known address." The hearing on both respondent's *792 and petitioner's motions was held in San Francisco, California on August 9, 1982, and subsequent thereto the parties filed briefs in support of their respective positions. Section 6212(a) authorizes the Secretary of the Treasury or his delegate to send a notice of deficiency to a taxpayer when it has been determined that a deficiency exists. In order for a taxpayer to be entitled to litigate in this Court, a petition for redetermination must be filed by that taxpayer within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the proper mailing by the Commissioner of such notice of deficiency. Sec. 6213(a). Failure to so file will result in the dismissal of the case since timely filing is a prerequisite to the jurisdiction of this Court. Shipley v. Commissioner,572 F.2d 212, 213 (9th Cir. 1977), affg. a Memorandum Opinion of this Court; Minuto v. Commissioner,66 T.C. 616, 618 (1976); Estate of Moffat v. Commissioner,46 T.C. 499, 501 (1966). There is no question in this case that the petition was filed more than either the 90- or 150-day period after the issuance of the notice of deficiency. *793 The issue is whether the notice of deficiency was mailed properly so as to trigger the running of the applicable period. Section 6213(a) provides that the period within which the petition must be filed begins to run upon the mailing by the Secretary of the notice of deficiency authorized by section 6212. Section 6212(b)(1) requires that such notice be mailed to the taxpayer's "last known address." Neither section 6212 nor the regulations promulgated thereunder defines what constitutes a taxpayer's "last known address." We have defined it as that person's "last permanent address or legal residence known by the Commissioner, or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications during such period." Brown v. Commissioner,78 T.C. 215, 218 (1982). In short, the taxpayer's "last known address" is that address where the respondent reasonably believes, based on all the facts and circumstances, the taxpayer wishes the notice to be sent. Brown v. Commissioner,supra at 218-219; Weinroth v. Commissioner,74 T.C. 430, 435 (1980). We find that respondent *794 should have believed that either the Los Gatos address or the Germany address was petitioner's last known address. His failure to address a statutory notice to either one relieves us of the necessity of choosing between the two. In reasonably determining a taxpayer's "last known address," the Commissioner is entitled to use the documents which are submitted to him by the taxpayer. Brown v. Commissioner,supra at 219; Stewart v. Commissioner,55 T.C. 238, 241 (1970). Normally, a taxpayer's "last known address" is the address which appears on his tax returns for the years in question. In the present case, petitioner used John Priest's business address as his address on his tax returns from 1975 through 1981. Although the Federal income tax returns for taxable years 1976 and 1977 displayed Mr. Priest's old address, the evidence overwhelmingly supports the fact that respondent was aware of Mr. Priest's change of address. First, Mr. Priest testified that he notified all of the various divisions of the San Jose office of the Internal Revenue Service in writing of his firm's change of address. Second, the power of attorney for petitioner for *795 tax year 1977, which was executed on March 3, 1980, contained Mr. Priest's new address. Third, Mr. Noard's letter to Mr. Priest on March 20, 1980 was addressed to Mr. Priest's new address. Thus, the evidence clearly shows that respondent's agents were fully aware of Mr. Priest's change of address for over a year prior to the issuance of the notice of deficiency on April 6, 1981. However, despite the clear and convincing evidence that respondent knew or should have known of petitioner's change of address, it is uncontradicted that no notice of deficiency was ever mailed to Mr. Priest's new address, which petitioner uses as his own for tax purposes. Instead, the notice of deficiency was mailed to an address at which Mr. Priest had not received mail in well over a year. Respondent has failed to introduce any evidence explaining why Mr. Priest's address was used. Respondent's lack of diligence in failing properly to send the notice of deficiency to Mr. Priest's new address is further illustrated in this case by an examination of the series of events subsequent to the mailing of the notice of deficiency. The deficiency notice which was incorrectly mailed to Mr. Priest's old address *796 subsequently was returned to respondent with the notation "Return to Sender. Not Deliverable as Addressed. Unable to Forward." There is no evidence that respondent made any effort to reissue the notice of deficiency despite the fact that he had sufficient evidence that petitioner had other addresses to which another notice could have been sent. Furthermore, on at least three subsequent occasions in 1981, respondent's agents sent collection notices to petitioner at Mr. Priest's new address.The record is devoid of evidence that any communication transpired between petitioner and respondent between the April 6, 1981 mailing of the notice of deficiency to Mr. Priest's former address and the August 31, 1982 mailing of the collection notices to Mr. Priest's correct address. The inference that fairly must be drawn from respondent's ability to communicate with petitioner at Mr. Priest's new address later in 1981 is that he could reasonably have done so in April 1981. Respondent's sole justification for failing to send the notice of deficiency to Mr. Priest's new address is that the sending of a copy of the notice to petitioner's representative pursuant to a power of attorney is simply *797 a "matter of courtesy" extended to petitioner. [3] Unfortunately, respondent's argument completely misses the point since respondent's duty to send the notice of deficiency to Mr. Priest did not arise from the powers of attorney filed with respondent but rather from the fact that petitioner used Mr. Priest's address as his address for tax purposes. At all times during the examination of petitioner's returns for the taxable years 1976 and 1977, respondent admits that his representatives corresponded with Mr. Priest rather than petitioner. In point of fact, with the exception of the notice of deficiency itself, all communications after Mr. Priest's change of address regarding petitioner's tax returns were addressed to Mr. Priest's new address. Petitioner had every reason to believe and expect that the notice of deficiency would also *798 be sent to Mr. Priest's new address. However, despite respondent's failure to send the notice of deficiency to Mr. Priest's Los Gatos address, it is arguable that respondent would have satisfied his statutory obligation by properly mailing a notice of deficiency to petitioner's Germany address. This again was also not done. Instead, respondent mailed the notice of deficiency to the Nevada address. Respondent's sole justification for this action, and indeed his entire case, is based on the fact that the Nevada address appeared on the first power of attorney executed by petitioner on July 29, 1978. It is contended that, since the address on this power of attorney was different from that shown on either his 1976 or 1977 tax returns, respondent properly considered this to be a notification of a change of address. Respondent also introduced evidence that, on two separate occasions prior to mailing the notice of deficiency to the Nevada address, he had verified the fact that petitioner still rented the Nevada post office box. Respondent thus contends that he acted reasonably in mailing the notice of deficiency to petitioner at the Nevada address. Viewing these facts alone, we *799 would agree with respondent; however, there is substantial evidence in this case which clearly demands a contrary conclusion. First, Mr. Priest credibly testified that respondent's agent, Mr. Noard, was completely aware of petitioner's move to Berlin. Mr. Priest also testified that during the course of the examination he orally informed Mr. Noard of petitioner's new address in Germany. It has been recognized that verbal notification is sufficient to put the respondent on notice and to require him to use the new address in sending the notice of deficiency. De Wells v. United States,378 F.2d 37, 39 (9th Cir. 1967); Cohen v. United States,297 F.2d 760, 773 (9th Cir.), cert. denied 369 U.S. 865 (1962). Since respondent has failed to offer any evidence that in any way contradicts Mr. Priest's testimony regarding this verbal notification, we must conclude that respondent was fully aware that the Nevada address was not petitioner's "last known address." Indeed, the evidence in this case mandates such a result. Second, Mr. Priest on two occasions sent letters to respondent which spoke of petitioner's move to Germany. The first letter, *800 which was sent on July 24, 1978, contained a copy of a letter written by petitioner to Mr. Priest in which he stated he was being transferred to Germany. This letter also asked that Mr. Priest contact petitioner at his Germany address, which was shown on the letter. Mr. Priest also wrote another letter to respondent on December 14, 1978 in which he explained that he had not yet received petitioner's information because his personal effects had still not arrived in Germany. Although these two letters by themselves may not require a finding that respondent was fully aware that the Nevada address was not petitioner's "last known address," they certainly support such a conclusion. Third, petitioner executed a new power of attorney on March 3, 1980 which showed the Germany address, not the Nevada address, as petitioner's address. If respondent reasonably assumed that the Nevada address on the earlier power of attorney constituted notification of a change of address, we fail to understand why he did not reach a similar reasonable conclusion when a different address appeared on the second power of attorney. Fourth, respondent used petitioner's Germany address on the Form 872, Consent *801 to Extend Statute of Limitations, which his agents prepared and sent to Mr. Priest's new address on March 20, 1980.This is certainly the most damaging evidence of all, since it clearly illustrates the fact that respondent was not only fully aware of petitioner's Germany address for over a year prior to the issuance of the notice of deficiency, but also that he accepted the Germany address as petitioner's "last known address." We are personally at a loss to understand why respondent mailed the statutory notice of deficiency to the addresses that he did. Respondent has failed to offer any evidence of any other occasion when he used the Nevada address to contact the petitioner. Additionally, Mr. Priest testified that after he informed respondent of petitioner's Germany address and of his own new address, he never gave respondent a different address for either himself or petitioner.This fact is uncontradicted. Respondent simply did not do his homework and, consequently, must now pay the piper. We hold that the notice of deficiency was not properly mailed to petitioner's "last known address" as required by section 6212(b)(1). When a deficiency notice is not mailed to the taxpayer *802 at his "last known address" and, as a result, he files an untimely petition with this Court, we have authority to dismiss the proceeding for lack of jurisdiction because no valid deficiency notice was sent. Shelton v. Commissioner,63 T.C. 193, 198 (1974). Accordingly, respondent's motion to dismiss is denied. Petitioner's motion to dismiss will be granted. An appropriate order will be entered.
Footnotes
1. Petitioner actually filed a Motion to Have the Deficiency Notice Ruled a Nullity.↩
2. The post office box in Burlingame, California was used to receive flight instructions.↩
3. We note respondent's reliance on our holding in Foster v. Commissioner,T.C. Memo. 1982-115, and find it misplaced. The taxpayer in Foster↩ did not use his representative's address as his own mailing address but was objecting to the deficiency notice merely because no copy of such notice was mailed to his representative.