ESTATE OF STEPHEN B. McGARITY, DECEASED, ROBERT J. McGARITY AND OLA JEAN McGARITY GADRICH, EXECUTORS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 9434–78.     Filed April 25, 1979.

*G. Hughel Harrison,* for the petitioner.
*Mark W. Nickerson,* for the respondent.

OPINION

IRWIN, *Judge:* This matter is before us on respondent's "Motion to Dismiss for Lack of Jurisdiction" filed September 11,

1978. It is respondent's contention that the petition in this case was not filed within the time prescribed by section 6213(a)[1] of the Internal Revenue Code of 1954.

Respondent mailed a statutory notice of deficiency to petitioner on May 10, 1978. Pursuant to section 6213(a), the taxpayer may file a petition with this Court within 90 days (or 150 days if the notice is addressed to a person outside the United States) after the notice of deficiency is mailed, not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day. The last day for timely filing a petition in this case was Tuesday, August 8, 1978, which was not a legal holiday in the District of Columbia.

Petitioner's petition was received through the mail in the Tax Court mailroom on Friday, August 11, 1978, and was stamped accordingly at 10:19 a.m. Such date was 93 days after the mailing of the notice of deficiency. At 11:48 a.m. that same day, the petition was stamped "Filed" by one of the employees in the petition section of the Court.

The only evidence as to the time the petition was mailed is a certified mail receipt bearing the Lawrenceville, Ga., postmark of August 9, 1978.

Initially, it is clear that the petition was not received by the Court within the 90-day period prescribed in section 6213(a). However, under section 7502, a petition is considered timely filed if it is mailed within the 90-day period even though the petition is received by this Court after the expiration of the 90-day period. In such a case, "the date of the United States postmark stamped on the cover in which such return * * * other document * * * is mailed shall be deemed to be the date of delivery." For certified mail, the Secretary is authorized to provide by regulations the extent to which the postmark shall be prima facie evidence of delivery. Sec. 7502(c)(2). Section 301.7502–1(c)(2), Proced. & Admin. Regs., states:

If the document is sent by U.S. certified mail and the sender's receipt is postmarked by the postal employee to whom such document is presented, the date of the U.S. postmark on such receipt shall be treated as the postmark date of the document.

In this case, there is no question that the certified receipt

---

[1]All statutory references are to the Internal Revenue Code of 1954, as in effect during the taxable year in issue.

bears a postmark of August 9, 1978, 91 days after respondent mailed the statutory notice of deficiency. Nonetheless, petitioner asserts that the petition was actually delivered to the post office in Lawrenceville, Ga., on August 8, 1978, a date within the 90-day period, notwithstanding the August 9, 1978, stamp on the certified mail receipt. This, he argues, should serve to give this Court jurisdiction.

However, as pointed out by respondent, petitioner's argument was squarely presented and rejected in *Drake v. Commissioner*, 554 F.2d 736 (5th Cir. 1977), affg. an unreported Tax Court order. In *Drake*, the taxpayer's attorney submitted a certified letter to the Galveston Post Office on the 90th day, but the letter was not postmarked until the following day. We held that the statutory requirement of section 6213(a) was not met and that the petition was not timely filed. The Court of Appeals for the Fifth Circuit, to which appeal in this case will lie, affirmed our order in *Drake*.

Petitioner cites a number of cases as support for the proposition that a delay in postmarking by the U.S. Post Office should not prevent review when the evidence shows the petition was placed in the mail within the statutory period. *Minuto v. Commissioner*, 66 T.C. 616 (1976); *Fletcher Plastics, Inc. v. Commissioner*, 64 T.C. 35 (1975); *Brooks v. Commissioner*, 63 T.C. 709 (1975); *Castaldo v. Commissioner*, 63 T.C. 285 (1974); *Carstenson v. Commissioner*, 57 T.C. 542 (1972); *Leventis v. Commissioner*, 49 T.C. 353 (1968). Each of these cases is factually distinguishable from the case now before us.[2]

Therefore, we will follow *Drake* and accordingly grant respondent's motion to dismiss for lack of jurisdiction.

*An appropriate order will be entered.*

---

[2]*Minuto* dealt with the "properly addressed" requirement of sec. 7502(a)(2)(B); *Fletcher Plastics* and *Carstenson* dealt with ratification of a timely but defectively filed petition after expiration of the 90-day statutory period for filing the petition; *Brooks* dealt with ratification, after expiration of the 90-day period, by the wife, of a timely filed petition captioned in both husband's and wife's names but signed only by the husband; *Castaldo* dealt with a situation where petitioner had a registered mail receipt postmarked on the 90th day for an article mailed to the Tax Court which could not be found and which petitioner claimed was the petition; *Leventis* dealt with a situation where there was a private postage meter stamp dated the 90th day on the petition's envelope, but no U.S. Post Office postmark.