HOWARD S. BROWN and JACQUELINE R. BROWN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 19384-81.
United States Tax Court
T.C. Memo 1982-165; 1982 Tax Ct. Memo LEXIS 581; 43 T.C.M. (CCH) 954; T.C.M. (RIA) 82165; March 30, 1982. *581 Ps used certified mail to send their petition to this Court. However, they did not obtain a postmark on their sender's receipt, and the envelope containing the petition bore a legible postmark date, which was 91 days after the date of the mailing of the notice of deficiency. Held, to rely on certified mail, Ps must have obtained a timely postmark on their sender's receipt. Other documentary evidence of timely mailing is not sufficient. Sec. 301.7502-1(c)(2), Proced. and Admin. Regs. Jeffrey A. King, for the petitioners. Judy K. Hunt, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: This matter is before us on the Commissioner's motion to dismiss this case for lack of jurisdiction. It is the Commissioner's contention that the petition in this case was not filed within the time prescribed by section 6213(a) of the Internal Revenue Code of 1954. [1]
On April 15, 1981, the Commissioner mailed a statutory notice of deficiency to the petitioners *583 at their last known address. The 90-day period for filing a petition with this Court expired on Tuesday, July 14, 1981, which date was not a legal holiday in the District of Columbia. On Monday, July 20, 1981, 96 days after the notice of deficiency was mailed, the Court received and filed the petition. The envelope in which such petition was mailed bore a certified mail sticker and a legible postmark date of July 15, 1981, Tampa, Florida. July 15, 1981, was 91 days after the date the deficiency notice was mailed. Although certified mail was used, the sender's receipt did not contain a postmark. A petition for redetermination of a deficiency must be filed with this Court within 90 days after the notice of deficiency is mailed to a taxpayer within the United States. Sec. 6213(a). Generally, we prefer to hold that this Court has jurisdiction whenever possible, so as to provide taxpayers with an opportunity to obtain judicial redetermination of their tax liability prior to the payment thereof. Fishman v. Commissioner,51 T.C. 869, 874 (1969), affd. per curiam 420 F. 2d 491 (2d Cir. 1970). *584 However, Congress has limited the period for filing a petition with this Court, and we have no jurisdiction where a petition is filed late. Smetanka v. Commissioner,74 T.C. 715 (1980); Sylvan v. Commissioner,65 T.C. 548 (1975). It is clear that the petition was not received by this Court within the 90-day period prescribed by section 6213(a). Thus, this Court has no jurisdiction unless the petitioners can bring themselves within the provisions of section 7502. That section provides that if certain documents (including a petition) are delivered by the United States mail after the time for filing them, if they were mailed timely, and if they bear a timely postmark made by the U.S. Postal Service, they will be considered to be filed on the date of the postmark. Sec. 7502(a)(1) and (2); Sylvan v. Commissioner,supra at 550. Congress enacted section 7502 to eliminate the inequities resulting from variations in the delivery of the mail. Since the time of mailing was to be treated as the time of delivery, Congress made the date of the *585 postmark, not the date the document was placed in the mail, determinative of the time of mailing. Thus, except when the petitioner uses registered or certified mail (see sec. 7502(c)), a legible postmark is conclusive evidence of the time of mailing, and the petitioner may not introduce evidence of timely mailing which conflicts with an untimely postmark. Drake v. Commissioner,554 F. 2d 736, 738-739 (5th Cir. 1977), affg. an unreported order of this Court; Estate of McGarity v. Commissioner,72 T.C. 253 (1979); Sylvan v. Commissioner,supra at 551-552; Estate of Moffat v. Commissioner,46 T.C. 499, 502 (1966). A petitioner who uses regular mail to send his petition to this Court assumes the risk that the postmark will bear a date which is on or before the last day for filing his petition. Sec. 301.7502-1(c)(1)(iii)(a), Proced. and Admin. Regs. In order to avoid such risk, the petitioner may use registered or certified mail. Section 7502(c)(1) provides that if registered mail is used, "the date of registration *586 shall be deemed the postmark date." Section 7502(c)(2) provides: (2) Certified Mail.--The Secretary is authorized to provide by regulations the extent to which the provisions of paragraph (1) of this subsection with respect to * * * the postmark date shall apply to certified mail. Pursuant to such authority, section 301.7502-1(c)(2), Proced. and Admin. Regs., provides that if a document: is sent by United States certified mail and the sender's receipt is postmarked by the postal employee to whom the document is presented, the date of the United States postmark on the receipt shall be treated as the postmark date of the document. [Emphasis added.] The "Sender's receipt" to which such regulation refers is part of PS Form 3800. Such receipt is filled in by the sender, and upon request, it will be postmarked by the postal employee and returned to the sender at the time of mailing. See Denman v. Commissioner,35 T.C. 1140, 1142-1143 (1961). Unlike registered mail, certified *587 mail need not be processed by a postal employee prior to mailing. A customer can obtain a supply of PS Forms 3800 prior to the time an article is to be mailed, and if the sender does not desire to have his receipt postmarked, he can attach the certified mail sticker to the article to be mailed, retain his sender's receipt with whatever entries he wishes to make on it, and place the article in a postal collection box. [2] See Denman v. Commissioner,supra.
The petitioners concede that the envelope in which their petition was mailed bears an untimely postmark and that they did not obtain a postmark on their sender's receipt. However, they contend that their counsel submitted a check to the Sarasota, Fla., post office to purchase *588 stamps with which to mail their petition, that such check was dated July 14, 1981, and was date stamped by the post office on the same date, and that the date stamp on such check is the equivalent of a postmark on their sender's receipt. Thus, they argue that such check is evidence that the petition was mailed on July 14, 1981, and that since certified mail was used, the postmark date on the envelope is irrelevant. The language of section 7502 and the regulations thereunder is "clear, explicit, and strictly limited." Drake v. Commissioner,554 F. 2d at 738. The statute and regulations establish procedures by which a petitioner may avoid the risk of a delay in postmarking mail. Since registered mail must be presented to a postal employee for registration, the date of registration is treated as the postmark date. Sec. 7502(c)(1)(B); sec. 301.7502-1(c)(2), Proced. and Admin. Regs. However, for certified mail, the regulation under section 7502(c)(2) recognizes that the article need not be presented to a postal employee prior to mailing. Therefore, section 301.7502-1(c)(2) *589 provides that certified mail will only be effective to avoid such risk if "the sender's receipt is postmarked by the postal employee to whom such document is presented." Such regulation is consistent with the statutory scheme, which is designed to avoid testimony or other secondary evidence of mailing in favor of tangible evidence in the form of an official Government notation. Shipley v. Commissioner,572 F. 2d 212, 214 (9th Cir. 1977), affg. per curiam a Memorandum Opinion of this Court. We do not see how the language of the regulation could be more clear and explicit--for a petitioner to avail himself of the insurance provided by the use of certified mail, the sender's receipt must be postmarked by a postal employee. No other document will suffice. See Denman v. Commissioner,35 T.C. at 1143-1144. [3]
Moreover, the evidence offered by the petitioners does not provide the clear and reliable evidence of the time of mailing required by the regulations. The record shows that on July 14, 1981, someone from the office of the petitioners' counsel purchased stamps *590 from the Sarasota post office, that some of such stamps may have been used to mail the petition, and that the petition may have been mailed on such day. However, the record also shows that the envelope containing the petition was not presented to a postal employee for certification, but was merely deposited in a postal collection box, and there is no certainty that the envelope was in fact placed in the mail on July 14, 1981. Since the petition was received by this Court more than 90 days after the date the deficiency notice was mailed, since the envelope bears a legible untimely postmark, and since the petitioners do not have a certified mail sender's receipt with a timely postmark made by a postal employee, we have no choice but to grant the Commissioner's motion to dismiss for lack of jurisdiction. An appropriate order will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1981.↩
2. The instructions on the back of PS Form 3800 provide, in part: 1. If you want this receipt postmarked, stick the gummed stub on the left portion of the address side of the article * * * and present the article at a post office service window * * * 2. If you do not want this receipt postmarked, stick the gummed stub on the left portion of the address side of the article, date, detach and retain the receipt, and mail the article.↩
3. See also Higby v. Commissioner,T.C. Memo. 1973-176↩.