GARY A. and ALENE C. ADKISON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adkison v. Commissioner
Docket No. 29198-91
United States Tax Court
T.C. Memo 1992-411; 1992 Tax Ct. Memo LEXIS 431; 64 T.C.M. (CCH) 239; July 20, 1992, Filed *431 An order dismissing the petition for lack of jurisdiction will be entered. Ps live on a remote island in southeastern Alaska, without roads and accessible only by boat or float plane. R mailed a notice of deficiency to Ps at their last known address: "Pouch B, Ketchikan, Alaska 99901". The envelope containing Ps' petition was postmarked by the United States Postal Service on a date 94 days after the mailing of the deficiency notice, and was received by the Court on a date 97 days after the mailing of the deficiency notice. Held: Ps are not persons "outside the United States" and their address is not "outside the United States" within the meaning of sec. 6213(a), I.R.C.Cross v. Commissioner, 98 T.C.     (1992), applied. Held further: The 90-day period rather than the 150-day period of sec. 6213(a) applies, and Ps' petition was untimely filed and must be dismissed for lack of jurisdiction. For Gary A. Adkison and Alene C. Adkison, pro sese. For Respondent: Jerry L. Leonard. PARKER
PARKER
MEMORANDUM OPINION PARKER, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the year 1989 in the amount of $ 1,537 and an addition to tax *432 under section 6662 in the amount of $ 307. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed January 21, 1992. Respondent mailed the statutory notice of deficiency on September 6, 1991. Respondent mailed the notice of deficiency, via certified mail, to petitioners at their last known address: Pouch B, Ketchikan, Alaska 99901. The 90-day period for timely filing the petition in this case expired on Thursday, December 5, 1991. That date was not a legal holiday in the District of Columbia. Petitioners filed their petition in this Court on December 12, 1991, 97 days after the date on which the statutory notice of deficiency was mailed to them. The United States Postal Service postmark on the envelope in which the petition was mailed bore a date of December 9, 1991, 94 days after the date on which the statutory notice of deficiency was mailed to petitioners. On January 21, 1992, respondent filed a Motion to Dismiss for Lack of Jurisdiction, *433 on the ground that the petition in this case was not filed within the time prescribed by section 6213(a). On February 10, 1992, petitioners filed an objection to respondent's motion. In their objection, petitioners asserted that: The date stamped on envelope containing request for trial does not reflect date envelope mailed. We live in a log camp only [accessible] by float plane or boat. Mail can be as much as 7 days in process of getting to Post Office. Sometimes more if weather especially bad for flying. Please notice date of check [for the filing fee in this Court] as Dec. 2, 1991. Also due to the fact that we are [inaccessible] by jet or vehicle and on an island and not on road system and not actually on the Continent we considered the 150 day more applicable to us? ? Petitioners, in this objection, are referring to the following language in the notice of deficiency: If you want to contest this deficiency in court before making any payment, you have 90 days from the above date of this letter (150 days if addressed to you outside of the United States) to file a petition with the United States Tax Court for a redetermination of the deficiency. [Emphasis added.] *434 On March 19, 1992, respondent filed a reply to petitioners' objection. On April 13, 1992, petitioners filed a response to this reply in which they argue that the 150-day filing period should apply -- because of our address being Pouch B Ketchikan but Ketchikan is not final destitination [sic] but rather a remote log camp on another island thus further time & travel needed by float plane as weather permits * * *. By order dated April 16, 1992, respondent's motion was calendared for hearing at the trial session of the Court in Anchorage, Alaska, commencing on June 15, 1992. There was no appearance by or on behalf of petitioners on June 15, 1992. Counsel for respondent appeared and was heard. At the request of the Court, respondent's counsel furnished a map of Alaska, marked to indicate the location of the log camp where petitioners reside. The log camp is located on the Prince of Wales Island about 35 miles northwest of Ketchikan. That location is within the State of Alaska. The log camp is remote and has no telephone service or roads. The log camp has no regularly scheduled transportation service by boat or plane. The logging company that runs the camp has a company *435 plane that provides air transportation service on an "as needed" basis, and subject to the weather conditions in the area. The issues for decision are: (1) Whether the 90-day filing period or the 150-day filing period applies to petitioners; and (2) if the 90-day period applies, whether petitioners timely mailed their petition. Section 6213(a) provides: (a) Time for Filing Petition and Restriction on Assessment. -- Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. * * * [Emphasis added.] The 90-day (or 150-day) period is jurisdictional, and we must dismiss the petition for lack of jurisdiction if it is not timely filed. Malekzad v. Commissioner, 76 T.C. 963, 965-966 (1981); Estate of Cerrito v. Commissioner, 73 T.C. 896, 898 (1980); Estate of Moffat v. Commissioner, 46 T.C. 499 (1966). The petition was not timely *436 filed in this case unless the 150-day period applies. "The literal terms of the statute can support a reading that the 150-day rule applies either when the taxpayer is out of the country or when the address on the notice is a foreign address and the legislative history is such that it does not foreclose either construction." Looper v. Commissioner, 73 T.C. 690, 694 (1980) (footnote omitted). Thus, the 150-day period will apply in this case only if petitioners or their mailing address can be found to be "outside the United States". "The term 'United States' when used in a geographical sense includes only the States and the District of Columbia." Sec. 7701(a)(9). Clearly, petitioners in this case were not persons "outside the United States" when the notice of deficiency was mailed. Although petitioners live on a remote island, the Prince of Wales Island is within the State of Alaska. Their mailing address "Pouch B, Ketchikan, Alaska 99901" is not an address "outside the United States". In 1942, before either Alaska or Hawaii became a state, Congress extended the filing period from 90 days to 150 days in certain cases. Under existing law if a notice of deficiency *437 in income tax is mailed to a taxpayer he has 90 days within which to file his petition * * *. In the case of a taxpayer in remote places, such as Hawaii or Alaska, this time limit may possibly work a hardship because of delays in transporting mail that may occur during the present hostilities. To correct this hardship section 272(a)(1) [now section 6213(a)] of the Code has been amended to increase the period to 150 days if the notice is mailed to a person outside the States of the Union and the District of Columbia. * * * [Emphasis added.] S. Rept. 1631 (1942), 1942-2 C.B. 504, 618. As noted, at that time Hawaii and Alaska were not States of the Union, and the "present hostilities" referred to World War II. That war has long been over, and Hawaii and Alaska have long since been admitted to the Union. The language for the 150-day rule has remained essentially unchanged, but Alaska and Hawaii are clearly within the United States despite their distance from the original 48 States. The regulations promulgated pursuant to section 6213(a) have long recognized that Alaska is to be considered within the United States. Section 301.6213-1(a), Proced. & Admin. *438 Regs., originally promulgated in 1954 and amended in 1959, after Alaska was admitted to the Union, provides: (a) Time for filing petition and restrictions on assessment. (1) Time for filing petition. * * * In determining the time for filing a petition with the Tax Court in the case of a notice of deficiency mailed to a resident of Alaska prior to 12:01 p.m. (E.S.T.), January 3, 1959, * * * the term "States of the Union" does not include Alaska * * * and the 150-day period applies. In determining the time within which a petition to the Tax Court may be filed in the case of a notice of deficiency mailed to a resident of Alaska after 12:01 p.m. (E.S.T.), January 3, 1959, * * * the term "States of the Union" includes Alaska * * * and the 90-day period applies. In 1976 Congress amended section 6213(a) to change the language "outside the States of the Union and the District Columbia" to read simply "outside the United States". Sec. 1906(a)(15) of the Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1825. Congress intended a geographical meaning to attach to the term "United States" and incorporated the definition found in section 7701(a)(9). S. Rept. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 574. *439 In Brown v. Commissioner, 78 T.C. 215, 224 (1982), in discussing the legislative history of the 150-day rule, we stated that "Congress recognized that the receipt of mail is often delayed when it is addressed to a remote location". In that case the notices of deficiency were addressed to certain APO (i.e. military mail) numbers, and we held that the taxpayers there had 150 days to file their petition. Mail bearing an APO (or FPO) number which is posted with USPS [the United States Postal Service] in the United States is dispatched to one of four gateway post offices located in New York, Miami, Seattle, and San Francisco. A gateway post office * * * is a USPS facility at which military mail is concentrated for * * * delivery to MPO's [military post offices] outside the continental United States. Brown v. Commissioner, supra at 221. The APO number for the taxpayers in Brown identified an MPO address in Saudi Arabia, where the military mail was actually delivered. Unlike the taxpayers in Brown, however, petitioners cannot establish that the address "Pouch B, Ketchikan, Alaska 99901" signifies a destination outside of the United *440 States. It clearly does not; it signifies an address on Prince of Wales Island, an island to the west of the island on which Ketchikan itself is located. Both islands are part of the State of Alaska and are within the United States. The islands making up the lower southeastern portion of Alaska are within the United States just as Staten Island, New York, or Ocracoke Island, North Carolina, are. There is no special rule for persons living on islands. There is no requirement that the address be within the continental United States, as petitioners suggest. The 150-day provision originally enacted by Congress did not cover all instances of remote locations but only where the person or the address is "outside the States of the Union and the District of Columbia". Moreover, as clarified by the regulations in 1959 and the subsequent amendment by Congress in 1976, Alaska is clearly within the United States. See also Cross v. Commissioner, 98 T.C.     (May 18, 1992). In summary, regardless of the remoteness of their log camp, petitioners are not persons "outside the United States" and their address ("Pouch B, Ketchikan, Alaska 99901") is not a location "outside the United *441 States". Thus, the 90-day rule applies to petitioners, and their petition must be dismissed for lack of jurisdiction unless it was filed within that 90-day period. Petitioners cannot bring themselves within the 90-day period by claiming that they actually mailed their petition earlier than the date reflected by the United States Postal Service postmark date. Sec. 7502(a). Section 7502(a) provides: (a) General Rule. -- (1) Date of Delivery. -- If any return, claim, statement, or other document required to be filed, * * * within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by United States mail to the agency, officer, or office with which such return, claim, statement, or other document is required to be filed, or to which such payment is required to be made, the date of the United States postmark stamped on the cover in which such return, claim, statement, or other document, or payment, is mailed shall be deemed to be the date of delivery * * *. [Emphasis added.] Section 301.7502-1(c)(1), Proced. & Admin. Regs., provides that section 7502 does not apply *442 unless the following conditions are met: * * * (ii) The document must be deposited within the prescribed time in the mail in the United States with sufficient postage prepaid. For this purpose, a document is deposited in the mail in the United States when it is deposited with the domestic mail service of the United States Post Office. * * * (iii) (a) If the postmark on the envelope or wrapper is made by the United States Post Office, such postmark must bear a date on or before the last date, or the last day of the period, prescribed for filing the document. If the postmark does not bear a date on or before the last date, or the last day of the period, prescribed for filing the document, the document will be considered not to be filed timely, regardless of when the document is deposited in the mail. Accordingly, the sender who relies upon the applicability of section 7502 assumes the risk that the postmark will bear a date on or before the last date, or the last day of the period, prescribed for filing the document, but see subparagraph (2) of this paragraph with respect to the use of registered mail or certified mail to avoid this risk. * * * [Emphasis added.] Petitioners *443 have failed to come within the requirements of section 301.7502-1(c)(1)(iii)(a), Proced. & Admin. Regs. As we stated in Malekzad v. Commissioner, 76 T.C. at 967-968: Here, as in other cases where the U. S. Postal Service postmark is dated beyond the last date for filing the petition, petitioners are precluded from introducing extrinsic evidence to show that the petition was in fact mailed earlier. Shipley v. Commissioner, 572 F.2d 212, 214 (9th Cir. 1977), affg. a Memorandum Opinion of this Court; * * * Estate of McGarity v. Commissioner, 72 T.C. 253 (1979); Sylvan v. Commissioner, 65 T.C. 548, 552 (1975). The presence of a Postal Service postmark and the date of such postmark are legally conclusive, and petitioners cannot go behind that fact. The postmark here was dated December 9, 1991, which was 94 days after the date of mailing of the deficiency notice. Even if petitioners attempted to go behind that postmark, they could only show that they live and work in a remote area with no postal service facilities and that it is difficult for them to post a letter with the United States Postal Service *444 in Ketchikan. However, petitioners' situation is not different from that of any other taxpayer within the United States who lives or works in a remote area far from the nearest mail box or post office. Section 7502 furnishes them no relief from the 90-day rule of section 6213(a). While petitioners cannot pursue their case in this Court, they are not without a remedy. They can pay the tax, file a claim for refund, and, if the claim is denied, sue for a refund in their local United States District Court or in the United States Claims Court. Accordingly, we hold that the petition must be dismissed for lack of jurisdiction, and respondent's motion will be granted. An order dismissing the petition for lack of jurisdiction will be entered.